IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Tripp,<br><br>　　　　Plaintiff,<br><br>v.<br><br>County of Cochise, et al.,<br><br>　　　　Defendants. | No. CV-24-00604-TUC-JGZ (MSA)<br><br>**REPORT AND RECOMMENDATION** |

This pro se action is brought by Plaintiff Sandra Tripp. On February 6, 2025, the Court screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 13.) The Court found that Plaintiff's short and vague factual statement is insufficient to state a claim to relief and thus dismissed the complaint with leave to amend. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (stating that a magistrate judge can dismiss a complaint with leave to amend). Plaintiff was given until March 7 to file an amended complaint. She moved to extend that deadline four times, asserting among other things that she needed more time to obtain evidence from Cochise County. (Docs. 14, 16, 22, 25.) The Court granted the requested extensions. (Docs. 15, 18, 24, 28.) In doing so, the Court clarified that Plaintiff's burden to allege a plausible claim does not require her to submit evidence. (Docs. 18, 28.) The Court warned Plaintiff that the fourth extension would be the last one granted by the undersigned magistrate judge and that if she "fail[ed] to file an amended pleading by the deadline," the Court would "recommend that the presiding district judge dismiss this case without prejudice." (Doc. 28.)

Plaintiff did not file an amended complaint by the July 7 deadline. Instead, she filed a fifth motion to extend the filing deadline based on her inability to find counsel and obtain "complete evidence." (Doc. 29.) The motion will be denied by separate order.

To survive screening, the "complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Tohono O'odham Nation v. U.S. Dep't of the Interior*, 138 F.4th 1189, 1199 (9th Cir. 2025) (quoting *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013)). As explained in the screening order, Plaintiff's complaint includes only a few vague allegations against Cochise County. Plaintiff thus fails to state a claim against any of the named Defendants. The Court will recommend that the presiding district judge affirm the dismissal of the complaint for failure to state a claim.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). The Court granted Plaintiff leave to amend on the assumption that she could include additional facts in an amended complaint. (Doc. 13 ("Here, the complaint's primary defect is its lack of factual content. Generally, that type of defect can be cured through amendment, so Plaintiff will be given leave to amend.").) However, despite receiving four extensions of time (a period of four months), Plaintiff has failed to file an amended pleading that includes additional facts. This, along with Plaintiff's insistence that she cannot proceed without first obtaining evidence, shows that Plaintiff has no additional facts to offer and that leave to amend would be futile. As such, the Court will recommend that this case be dismissed without prejudice.

\* \* \*

The Court recommends that the dismissal of Plaintiff Sandra Tripp's complaint (Docs. 1, 13) be **affirmed** and that this case be **dismissed without prejudice**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. Plaintiff has 14 days from the date of service of this recommendation to file specific written objections with the district court. Fed. R. Civ. P.

72(b)(2). Failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 24th day of July, 2025.

Honorable Maria S. Aguilera
United States Magistrate Judge